USCA1 Opinion

 

 ____________________
No. 91-1460 CONGRESO DE UNIONES INDUSTRIALES DE PUERTO RICO, Plaintiff, Appellant, v. V.C.S. NATIONAL PACKING COMPANY, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen C. Cerezo, U.S. District Judge] ____________________ Before Breyer, Chief Judge, Campbell, Circuit Judge, and Zobel,* District Judge. ____________________ Nicolas Delgado-Figueroa on brief for appellant. Jorge L. Capo-Matos, Pedro A. Delgao-Hernandez and O'Neill & Borges
on brief for appellee. ____________________ ____________________
_____________________
*Of the District of Massachusetts, sitting by designation. ZOBEL, District Judge. Plaintiff-appellant,
Congreso de Uniones Industriales de Puerto Rico ("Union"),
appeals from the Order of the United States District Court for
the District of Puerto Rico granting the defendant-appellee
V.C.S. National Packing Company, Inc.'s ("Company") motion for
summary judgment. The district court denied appellant's claim
for an injunction against an announced plant closing because
the Norris-LaGuardia Act prohibits injunctions in cases
involving or arising out of labor disputes, except when sought
in aid of arbitration. Congreso de Uniones Industriales de
Puerto Rico v. V.C.S. Nat'l Packing Co., 756 F. Supp. 69
(D.P.R. 1991). We affirm. The parties do not dispute the relevant facts. The
Company decided to close its seafood cannery in Ponce, Puerto
Rico as of June 29, 1990. At some time prior thereto the
parties had entered into a Collective Bargaining Agreement
("CBA") for the period February 2, 1987 through November 2,
1990. Two official versions of the CBA exist, one in Spanish,
the other in English. The CBA provides that the English
version shall govern when the parties litigate disputes before
English-speaking forums while the Spanish version controls in
Spanish-speaking courts. Although the Union contends that the
Spanish version governs here, it offers no authority to
support that position. By executing the English version, the
Union agreed to be bound by its terms in English-speaking
courts, including its provisions regarding lockouts. Article XXV of the CBA proscribes strikes by the
Union and lockouts by the Company; however, it makes no
reference to plant closings, work relocations or severance
payments as a result of mass layoffs or plant closings. The CBA also establishes a three step grievance and
arbitration procedure. First, representatives from the Union
and the Company must meet within five working days from the
day of the dispute. Second, if the dispute continues, the
President of the Union and the Company Administrator must meet
within ten days of the dispute. Finally, if either party
remains unsatisfied it may request arbitration within five
days of the latter meeting. Under the CBA, failure to follow
these procedures extinguishes a party's contractual right to
discuss the grievance. On April 26, 1990, the Company notified the Union of
the permanent closing of its Ponce plant. Not until one month
later, well after the five day time period for step one of the
grievance-arbitration procedure, did the Union object. Moreover, the Union failed to seek arbitration at any time,
neither during the discussions that ensued between the Union
and the Company regarding the effects of the closing nor
during the subsequent litigation. One week before the announced closing date of the
plant, the Union filed this action in the Puerto Rico Superior
Court. After that court denied appellant's request for a
temporary restraining order, the Company closed the plant as
scheduled on June 29, 1990 and removed the suit to federal
court. Both parties moved for summary judgment and the
district court granted appellee's motion. This appeal
followed. The Union sought an order from the district court
enjoining the Company from closing its plant. However, the
Norris-LaGuardia Act prohibits federal courts from issuing
injunctions in cases involving labor disputes. 29 U.S.C. 104 (1988). The Union asserts that the Court can ignore this
prohibition on the grounds that the imminent closing and
dismantling of a business justify bypassing arbitration and
awarding injunctive relief. For this proposition the
appellant cites no authority. A narrow exception to the prohibition against
injunctions does exist in cases where a party seeks injunctive
relief in aid of arbitration. Textile Workers Union v.
Lincoln Mills of Alabama, 353 U.S. 448, 457-58 (1957); see also Independent Oil & Chem. Workers, Inc. v. Procter &
Gamble Mfg. Co., 864 F.2d 927, 929 (1st Cir. 1988). The
injunction, however, must be sought to aid arbitration, rather
than simply to forbid the employer's allegedly improper acts. Chicago Typographical Union v. Chicago Newspaper Publisher's
Ass'n, 620 F.2d 602, 604 (7th Cir. 1980). Here, the Union has
failed to request arbitration in its discussions with the
Company, in its complaint or in its brief on appeal. International Ladies' Garment Workers' Union v. Bali Co., 649
F. Supp. 1083 (D.P.R. 1986), appeal dismissed, 815 F.2d 691
(1st Cir. 1987), a case appellant relies upon heavily, is
inapposite for precisely this reason. In Bali, the court
enjoined a plant closing to preserve the arbiter's power to
award an adequate remedy, not as an alternative to
arbitration. Bali, 649 F. Supp. at 1087-88. Thus, the
Union's request for injunctive relief falls outside the scope
of the exception. The judgment of the district court is Affirmed.